Matter of Dunne (2025 NY Slip Op 04219)

Matter of Dunne

2025 NY Slip Op 04219

Decided on July 17, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 17, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding

Motion No. 2025-02139|Case No. 2025-01532|

[*1]In the Matter of Robert Declan Dunne A suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert Declan Dunne (OCA Atty Reg. 4087144), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert Declan Dunne, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on November 26, 2002.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Diana Neyman, of counsel), for petitioner.
Respondent, pro se.
In the Matter of Robert Declan Dunne, a suspended attorney
 Per Curiam
Respondent Robert Declan Dunne was admitted to the practice of law in the State of New York by the Third Judicial Department on November 26, 2002. As respondent maintains a registered address in the First Judicial Department, this Court retains jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2). Respondent was suspended on March 20, 2025, as part of this Court's mass suspension of attorneys who failed to register in violation of Judicial Law § 468-a.
This matter arose out of respondent's failure to comply with the Attorney Grievance Committee's (AGC) lawful investigative demands, failure to appear for an examination under oath (EUO), and failure to produce specified documents as directed by judicial subpoena.
On April 30, 2024, the AGC was notified by the Lawyers' Fund for Client Protection (LFCP) that on April 5, 2024, a payment made by respondent to PayPal in the amount of $1,000 was returned due to insufficient funds. On May 24, 2024, the AGC emailed respondent at the address on file with the Office of Court Administration (OCA), directing respondent to submit an answer explaining the dishonored check and to provide his IOLA account bank records for the six-month period prior to the dishonored check. The AGC's email was returned as undeliverable on May 25, 2024.
On June 28, 2024, the AGC mailed a letter to the home address respondent had on file with OCA. The AGC's letter included a second request for an answer and the outstanding bank records. The letter was mailed to respondent by Priority Mail with tracking, and delivery was confirmed. Respondent failed to submit an answer or the bank records.
After receiving no response, the AGC mailed another letter to respondent's home address, noting that he failed to respond to the previous letter and cautioning respondent that his neglect and refusal to cooperate may expose him to disciplinary action. This letter was sent to respondent by Certified Mail, Return Receipt Requested and with tracking, which confirmed the letter had been delivered and signed for by an agent of the addressee. Respondent again failed to submit an answer to the complaint.
On August 7, 2024, the AGC sent another letter to respondent, annexing the complaint and requesting respondent's IOLA account bank records. This letter was sent to the business address respondent had on file with OCA via Priority Mail with tracking, which indicated [*2]that an attempt to deliver the letter was made on August 8, 2024, but that the recipient had moved and left no forwarding address. The letter was returned to the AGC.
On September 24, 2024, the AGC sent another letter to respondent's home and business address, again cautioning respondent of the consequences of his continued failure to cooperate with the AGC. The letter to respondent's home address was sent by Certified Mail, Return Receipt Requested, with tracking, and by email. The email and the letter mailed to the business address was retuned as undeliverable, but the Certified Mail sent to respondent's home address was delivered on September 24, 2024, and signed for by an agent of the addressee.
On November 13, 2024, the AGC personally served respondent with a judicial subpoena at his home address, directing respondent to appear for EUO. The doorman accepted service of the subpoena, and a true copy of the subpoena was mailed to respondent's home address. However, respondent failed to appear for his EUO. Prior to serving respondent at his residence, personal service was attempted at respondent's business address, but it was unsuccessful.
The AGC now moves for respondent's interim suspension under 22 NYCRR 1240.9(a)(1) and (3), based on respondent's failure to comply the AGC's lawful investigative demands, failure to appear for an EUO, and failure to produce specified documents as directed by judicial subpoena.
In relevant part, 22 NYCRR 1240.9(a)(1) and (3) provide for interim suspension where the Court finds that an attorney has engaged in conduct immediately threatening the public interest. Findings may be based upon: "the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant to subpoena under these Rules" (22 NYCRR 1240.9[a][1]); or "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules" (22 NYCRR 1240.9[a][3]).
We find the AGC has met its burden, and respondent should be immediately suspended until further order of this Court. The record establishes that between April 2024 and September 2024, the AGC sent repeated requests directing respondent to submit an answer to the LFCP's complaint and to produce his IOLA bank account records. Respondent failed to do so, despite several letters being mailed to the addresses listed for respondent with OCA, and multiple letters being accepted for delivery at respondent's home address.
Respondent also repeatedly failed to comply with the AGCs lawful demands and failed to comply with this Court's judicial subpoena. This misconduct threatens the public interest and warrants suspension pursuant to 22 NYCRR 1240.9(a)(1) and (3) (see Matter of Hooker, 229 AD3d 22 [1st Dept 2024]; Matter of Tessler, 215 AD3d 61 [1st Dept 2023]; Matter of Meettook, 206 AD3d 9 [1st Dept 2022]; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]).
Accordingly, the AGC's motion should be granted[*3], and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an interim suspension, pursuant to 22 NYCRR 1240.9(a)(1) and (3), is granted, and respondent, Robert Declan Dunne, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Robert Declan Dunne, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Robert Declan Dunne, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Robert Declan Dunne, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent, Robert Declan Dunne, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: July 17, 2025